13   225
f13  231

[No. 1592.]

REEVES & COMPANY ET AL. v. BEST ET AL.

1. PRACTICE—MOTIONS—STATUTORY CONSTRUCTION.
Section 432 of the code, which provides in substance that, if an application for an order made to a judge of the court in which the action or proceeding is pending be refused, no subsequent application for the same order shall be made to any other judge, except in a higher court, has no application to motions filed and made in court, during the regular course of proceedings, with reference to a suit, such as a motion made to dismiss an appeal from the county to the district court, nor where both applications or motions were heard by the same judge.

2. PRACTICE—SUCCESSIVE MOTIONS—DISCRETION.
The right to make successive motions for the same relief is within the discretion and control of the trial court, and that discretion will not be interfered with by an appellate court unless there has been a manifest abuse of it.

3. RES JUDICATA—MOTIONS.
The principle of *res judicata* has no reference to motions. The court may, after overruling a motion, give leave for the renewal of the motion, or for the filing of a new motion asking a similar order.

4. MOTIONS—LEAVE TO FILE—PRESUMPTION.
Where the record is silent as to whether or not leave was granted for filing a second motion asking the same relief, and it appears the second motion was heard and acted upon by the court, it will be conclusively presumed that leave was granted.

VOL. XIII—15

5. APPEAL FROM COUNTY TO DISTRICT COURT—EXTENSION OF TIME—
     NOTICE.
The county court has no authority to extend the time for filing an
     appeal bond on appeal to the district court unless the opposite
     party has notice of the application for such extension, and where
     the time for filing such bond was extended without notice to the
     opposite party and the bond was filed after the expiration of the
     statutory time, but within the time as extended, the appeal was
     properly dismissed by the district court upon motion.

*Appeal from the District Court of Otero County.*

Mr. THOS. R. HOFFMIRE and Mr. FRED A. SABIN, for
appellants.

Mr. C E. REED, of counsel.

Messrs. KILGORE & HESS, for appellees.

WILSON, J.

On March 5, 1897, the appellees as plaintiffs recovered a
money judgment against appellants in the county court of
Otero county, trial being had to a jury. No appeal was
prayed nor notice of appeal given, nor was any time fixed or
asked within which to file an appeal bond. On March 15
following, the last day on which an appeal bond could be
filed under the statute, defendants appeared in the county
court, without notice to or the presence of the plaintiffs, and
made application in writing to the court for an extension of
the time within which to file an appeal bond. This applica-
tion was granted, and on March 22, the last day of the ex-
tended time, the bond was filed, and thereupon an appeal
taken to the district court. On March 31, plaintiffs appear-
ing specially filed a motion in the district court to dismiss
the appeal and affirm the judgment of the county court, on
the ground that more than five days had elapsed since the
taking of the appeal, and that no notice thereof had been
served on the plaintiffs. On April 5, this motion was brought

on for hearing after proper notice, before one of the judges of the district court at chambers in Pueblo, and was over-ruled, presumably on the ground that the statute upon which the motion was based had been repealed. Laws, 1893, p. 114. Upon April 17, following, plaintiffs again appearing specially, filed a motion to dismiss the appeal on the ground that the district court had no jurisdiction, by reason of the fact that no appeal bond had been filed within the time required by the statute. On April 19, defendants filed a motion to strike the last mentioned motion of plaintiffs from the files, because it asked for the same order as did the motion which had been previously overruled by the judge of the court at chambers. This motion was denied, and thereafter when plaintiffs' motion to dismiss came up for hearing by the court in term time, it was sustained, and the appeal dismissed.

The sole question to be determined is whether the court erred, under this state of facts, in its dismissal of the appeal. It is contended by counsel that this case comes within the provision of code section 432, which provides in substance that if an application for an order made to a judge of the court in which the action or proceeding is pending, be refused, no subsequent application for the same order shall be made to any other judge, except in a higher court. We cannot agree with counsel in his contention. It is clearly apparent that the section does not refer to applications for orders or motions like those in question. These motions or applications were filed and made in court, during the regular course of proceedings with reference to a suit. They were not made to a judge of the court. It is true that the hearing of one of the motions was before a judge at his chambers in vacation, but the motion had been previously filed in the court, and this hearing was had by reason of a special provision of the statute. Again, even if the section did cover such motions, a conclusive answer to defendants' objection would be that it appears from the record that both of the applications or motions were heard by the same judge.

Defendants strenuously insist, however, that as a general principle of practice a party has no right to trouble the court or annoy the opposite party by successive motions seeking the same relief, even though he bases them upon different grounds. This is true as a general proposition, but in the absence of any statute controlling the matter, it is within the discretion of the court, and the exercise of such discretion will not be interfered with by an appellate tribunal, unless there has been a manifest abuse of it. The principle of *res adjudicata*, which counsel seek to apply, has no reference to motions. Freeman, Judgments, § 325. The court may after the overruling of a motion, if it see fit, give leave for the renewal of the motion, or for the filing of a new motion, asking a similar order. *Hitchcock v. McElrath*, 69 Cal. 635. As a usual rule of orderly practice, leave is first asked for the filing of a motion, but where the record, as in this case, is silent as to this point, and it appears that the court considered and acted upon the second motion, it will be conclusively presumed that such leave was granted. The court therefore did not err in overruling defendants' motion to strike, nor in entertaining the second motion of defendants to dismiss the appeal.

It is not pretended that plaintiffs had any notice or knowledge of defendants' application to the county court for an extension of time within which to file the appeal bond, and it therefore follows that the court had no right to entertain the application of plaintiffs, and that its action thereon was without effect. This principle has been so repeatedly and positively enunciated by this court and by the supreme court, that a citation of authorities is not necessary. In order to perfect their appeal, it was necessary that defendants should have entered into an appeal bond approved by the judge or clerk of the court within ten days from the rendition of the judgment. Laws, 1885, p. 158; Mills' Ann. Stats. sec. 1086. In case of failure to do so within that period, the time not having been properly extended, the judgment of the county court became operative by virtue of the statute, and the

right of appeal to the district court was gone. In this case this time expired on March 15, and no bond having been filed until seven days thereafter, the plaintiffs were entitled to an order dismissing the appeal, as was done. It does not appear that the plaintiffs had waived their right to the order by a failure to make application therefor within a reasonable time, and the court having entertained their motion to dismiss, had no discretion under the statute other than to sustain it.

The judgment will be affirmed.

*Affirmed.*